**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 83.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. UTACHT.

**[Cite as *Disciplinary Counsel v. Utacht*, 1998-Ohio-450.]**

*Attorneys at law—Misconduct—One-year suspension with six months of sanction stayed—Engaging in conduct adversely reflecting on fitness to practice law—Handling a legal matter without adequate preparation—Neglect of an entrusted legal matter.*

(No. 97-1278—Submitted December 3, 1997—Decided February 18, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-75.

————————————

{¶ 1} On October 15, 1996, relator, Office of Disciplinary Counsel, filed a three-count complaint charging respondent, Edward Carl Utacht II of Dayton, Ohio, Attorney Registration No. 0022225, with the violation of six Disciplinary Rules and two Rules for the Government of the Bar. After respondent filed an answer the parties entered into agreed stipulations of fact. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") received the stipulations and heard mitigation testimony.

{¶ 2} The panel found that after he was admitted to practice in 1974 and until 1989, respondent was employed by the city of Dayton Law Department. The incidents which gave rise to the alleged violations occurred during the period of 1989 through 1995, when respondent was engaged in private practice. In 1995, respondent reentered the public sector as a full-time assistant prosecutor for the city of Dayton.

{¶ 3} The panel found as to count one of the complaint that respondent failed to cooperate with the Dayton Bar Association's Ethics Committee when it attempted to investigate two grievances alleging that he had neglected legal matters

and charged excessive fees. The panel found that whatever neglect may have occurred was "not substantial" and that the fees he had charged were reasonable. The panel concluded with respect to count one that respondent had violated Gov.Bar R. V(4)(G) (failure to cooperate in a disciplinary investigation).

{¶ 4} The panel found as to count two that Andre Jenkins, indicted for felony bank fraud in the United States District Court in the Eastern District of Louisiana, retained respondent in August 1994 as his defense counsel. Respondent failed to engage local counsel as required by local court rules and failed to attend a pretrial conference before the District Judge for the stated reason that he had missed his airplane. Respondent was dilatory in engaging local counsel, even after discovering the requirement, and then did not appear at a hearing on the United States District Attorney's motion to continue the trial.

{¶ 5} Jenkins eventually entered a guilty plea to the reduced misdemeanor charge of bank larceny and was sentenced to ten months in prison to begin on September 25, 1995. Because respondent thought that the Federal Rules of Appellate Procedure were the same as the corresponding Ohio rules, he filed a notice of appeal approximately twenty days late. The appeal was dismissed as not timely filed. The panel found, however, that Jenkins was not prejudiced by the dismissal of his appeal, since the sentence, pursuant to his guilty plea, was within federal sentencing guidelines.

{¶ 6} Shortly before he was to surrender to the federal authorities, Jenkins asked respondent to request an extension of time to begin the prison term. Respondent's requests on Jenkins's behalf were denied. On October 19, 1995, Jenkins was indicted for his failure to appear to serve his sentence. Although respondent spoke with Jenkins on the evening of October 19, 1995, at a hearing before the United States Magistrate the next day, respondent represented that he had first contacted Jenkins that morning.

**{¶ 7}** In January 1996, with new counsel, Jenkins agreed to plead guilty to a reduced contempt charge and thereby received no additional jail time.

**{¶ 8}** The panel concluded that with respect to his representation of Jenkins, respondent's conduct violated DR 1-102(A)(6) (engaging in conduct that adversely reflects upon his fitness to practice law), 6-101(A)(2) (handling a legal matter without adequate preparation), and 6-101(A)(3) (neglecting a legal matter entrusted to him).

**{¶ 9}** The panel dismissed count three of the complaint.

**{¶ 10}** Mitigation evidence showed that respondent, who had no other disciplinary problems in over twenty years as a lawyer, experienced financial and marital problems as he attempted to begin a private practice. Additionally, it appeared to the board that respondent's failure to cooperate with the disciplinary investigations was a result of his emotional instability. The board noted that respondent had seen a psychologist, and although he had ceased counseling, he intended to resume after resolving insurance coverage problems.

**{¶ 11}** The panel recommended that respondent receive a one-year suspension from the practice of law with the entire year stayed, provided that within thirty days respondent resume his counseling with a psychologist or psychiatrist who would submit quarterly reports to relator, that respondent complete one year of probation, and that he make restitution of $400 to Mr. and Mrs. Tom Derifield, who had filed one of the grievances giving rise to count one of the complaint. The board adopted the findings, conclusions, and recommendation of the panel. Relator objected to the board's recommendation.

—————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

—————————

*Per Curiam*.

{¶ 12} We adopt the findings and conclusions of the board. However, based upon respondent's violations of DR 1-102(A)(6), 6-101(A)(2), and 6-101(A)(3), we believe a more severe sanction is warranted. We hereby suspend respondent from the practice of law for one year with six months of the year stayed, provided that within thirty days respondent resume his counseling with a psychologist or psychiatrist who would submit quarterly reports to relator, that respondent complete one year of probation, and that he make restitution of $400 to Mr. and Mrs. Tom Derifield, who had filed one of the grievances giving rise to count one of the complaint. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————